# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>DAVID WOLF, et al.,<br><br>Defendants.<br>_____/ | Case No. 1:22-cv-00955-DAD-SKO<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Antoine Deshawn Barnes ("Plaintiff"), a state prisoner proceeding *pro se*, filed a complaint (Doc. 1) on August 1, 2022, and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("Section 1915") on August 3, 2022 (Doc. 2).

As a state prisoner, Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court notes that Plaintiff claims to have filed no prior lawsuits while incarcerated (Doc.

1 at 2), but a search of Plaintiff's name in PACER returns 42 results, and at least 18 of those cases are civil actions filed in the Eastern District of California. The Court takes judicial notice of the following four United States District Court cases and one Ninth Circuit Court of Appeals case: (1) *Barnes v. Hanford Superior Court Judge*, No. 1:20–cv–00390–AWI–SAB (E.D. Cal.) (dismissed Oct. 6, 2020, for failure to state a claim following failure to file a second amended complaint in response to a screening order finding that first amended complaint failed to state a claim); (2) *Barnes v. T.V. Network*, No. 1:20–cv–01331–DAD–EPG (E.D. Cal.) (dismissed Dec. 11, 2020, for failure to state a claim); (3) *Barnes v. Supreme Court Judges*, 1:21–cv–01078–DAD–BAM (E.D. Cal.) (dismissed Sept. 20, 2021, for failure to state a claim); (4) *Barnes v. Santa Clara County District Attorney's Office*, 4:20–cv–02113–YGR (N.D. Cal.) (dismissed July 14, 2020, for failure to state a claim); and (5) *Barnes v. T.V. Nationwide Network*, No. 21-56388 (9th Cir.) (dismissed May 20, 2022, as frivolous).[1] Each of these five cases constitutes a "strike" under Section 1915(g) because the cases were dismissed either as frivolous or for failure to state a claim before Plaintiff initiated the current action on August 1, 2022. As Plaintiff has at least three strikes, he is precluded from proceeding *in forma pauperis* unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to Section 1915(g).[2] *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). A "three strikes" prisoner seeking to litigate IFP must allege facts that plausibly show he is imminent danger. *Stine v. Fed. Bureau of Prisons*, No. 1:13–CV–1883–AWI–MJS, 2015 WL 5255377, at *5 (E.D. Cal. Sept. 9, 2015) (citing *Andrews*, 493 F.3d at 1055; *Johnson v. The Sonoma Cnty. Main Adult Det. Facility*, No. 14–CV–05397–CW (PR), 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015). "However, the allegations must also reveal a nexus between at least one cause of action and the imminent danger that is plausibly alleged. In deciding whether such a nexus exists, the Court will consider: (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint; and

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

2

(2) whether a favorable judicial outcome would redress that injury." *Id.* (citations and internal quotation marks omitted).

Here, the crux of Plaintiff's complaint appears to be that he has a right to be released on his own recognizance under two California Senate Bills, and Defendants Judge David Wolf and Judge Brian McNamara discriminated against Plaintiff in denying his petitions for release. (*See* Doc. 1) Although Plaintiff also alleges that he "committed suicide" (*see id.* at 3, 4), the Court finds that this allegation is insufficient to demonstrate an imminent danger of serious physical injury that is fairly traceable to the alleged unlawful conduct of Judges Wolf and McNamara set forth in the complaint. Thus, Plaintiff has not satisfied the exception from the "three strikes" bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (Doc. 2) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __August 4, 2022__              /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28